## Leopold v. The Newport Coal Company.

(Decided March 7, 1911.)

### Appeal from Campbell Circuit Court.

Negligence—The owner of a team of horses is not liable in damages to a person who receives injuries by being pressed between the wagon wheels and the wall of a house while the team is being backed out of a passway, when the injured person knew that the wagon was being backed and negligently placed himself in a position where he might be injured.

J. EDWARD BOLTZ and V. O. WILLIAMS for appellant.

FRANK V. BENTON, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant in this action to recover damages for personal injuries against the appellee charged in his petition that a servant of appellee while delivering coal to the Bonning Hotel dumped a load in a driveway of the hotel and that in attempting to back his horses and wagon out of the driveway he backed and drove his horses in such a careless and negligent manner that the wagon was backed upon and struck appellant with great force, pressing him against the wall of the hotel, thereby bruising and permanently injuring him. The answer was a traverse and plea of contributory negligence. Upon a trial before a jury a verdict was returned in favor of appellee and judgment entered accordingly. A reversal is asked for alleged error of the court in misinstructing the jury.

Briefly the facts are these: The appellant is a farmer, and on the day he was injured had driven into Newport, stopping with his horse and wagon at the Bonning Hotel. This hotel has a driveway or wagon shed, paved with brick, which opens on the street. About noon an employe of the appellee coal company arrived with a two-horse wagon load of coal, and drove in this passway to the place where the coal was to be unloaded. Appellant could not get his wagon out until the coal was unloaded, as the coal wagon blocked the passway; and being in a hurry, he assisted in unloading the coal. After the coal was unloaded, it was necessary to back the coal wagon to which the two horses were hitched out of the passway to the street. While the driver was backing the wagon, appellant attempted to pass between the wagon and the wall, from the rear of the wagon to the front of the horses, when the wheels of the wagon swerved, with the result that one of the wheels struck the appellant and pressed him against the wall, causing the injuries of which he complains.

The court instructed the jury in substance that if they believed from the evidence that the appellee's employe in charge of the horses and wagon was negligent in handling, driving or backing the horses or wagon, they should find for the appellant, and on the other hand, if they believed he exercised ordinary care in handling and backing the horses, or that the swerving of the wheels was an accident that the driver by the exercise of ordinary care could not have anticipated or guarded against, they

should find for the appellee. They were further properly instructed as to the measure of damages; and also told that if the appellant, in attempting to come from the rear to the front of the wagon while it was in motion, failed to exercise that degree of care for his own safety which ordinarily prudent persons ordinarily exercised under the same or similar circumstances, and that the failure on his part to exercise this degree of care contributed to his injuries, and but for such lack of care on his part he would not have been injured, they should find for the appellant.

An examination of the evidence satisfies us that the injuries received by the appellant were caused by his own negligence or by an accident that the driver, who was exercising ordinary care, could not have anticipated would happen. Appellant knew that the wagon was being backed out, and with knowledge of this fact he attempted to go between it and the wall. It is probable that as to a person who did not know the wagon was going to be backed out, it would have been negligence on the part of the driver to have failed to give some warning that he was going to back or to have looked around for the purpose of seeing if any person was in the way of the wagon. But, it cannot fairly be said that he owed to appellant the duty of looking behind him, or the duty of giving warning as appellant knew as well as the driver did what the driver was going to do and what he was doing. The instructions fairly submitted the law of the case and we do not see how the jury could well have found a different verdict.

Wherefore, the judgment is affirmed.